UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE A. MANWARREN, | No. 2:22-cv-1819-KJN |
| Plaintiff, | ORDER |
| v. | (ECF No. 4.) |
| MEB LOAN TRUST IV, U.S. BANK N/A, et al. | |
| Defendants. | |

Plaintiff Katherine A. Manwarren filed this wrongful foreclosure action in Solano County Superior Court in July of 2022.[1] (ECF No. 1 at 2.) Defendants Specialized Loan Servicing and MEB Loan Trust IV removed to this court and move to dismiss. (ECF No. 4.) Defendants contend, among other things, that the action is barred on res judicata grounds due to a prior judgment in an unlawful detainer action. (Id.) Plaintiff opposes, arguing she was not able to fully litigate the issue of title in the prior proceedings. (ECF No. 13.) Defendants reply that, while true the issue of title was not raised in the unlawful detainer action, plaintiff could have done so but chose not to appear for those proceedings, resulting in a default judgment. (ECF No. 16.)

For the reasons that follow, defendants' motion is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE.

---

[1] All parties consented to the jurisdiction of the magistrate judge for all purposes, and the case was reassigned to the undersigned. (ECF Nos. 8-10.)

1

**Background**

On December 1, 2006, plaintiff obtained a $50,000 loan for a home in Dixon, California, which was placed in second position on the Deed of Trust and recorded. (ECF No. 1 at ¶ 18.) In 2019, the Deed was assigned to defendant MEB Loan Trust, and defendant Affinia Default Services was substituted as trustee on February 5, 2021. (Id. at ¶¶ 18-19.) Two weeks later, Affinia recorded a notice of default and election to sell, alleging plaintiff was in arrears in the amount of $20,882.94. (Id. at ¶ 20; see also id. at 34-37.) On June 9, 2021, Affinia recorded a notice of trustee's sale. (Id. at ¶ 21.) The sale was held on August 2, 2021, the property was sold to MEB, and the trustee's deed upon sale was recorded. (Id. at ¶ 22.)

In October of 2021, MEB brought an unlawful detainer action in Solano County Superior Court against plaintiff seeking immediate possession of the property.[2] (ECF No. 5 at 16-40 (MEB Loan Trust IV, U.S. Bank National Association, not in its individual capacity but Solely as Trustee v. Katherine A Manwarren, Case No. FCM177685).) Plaintiff was personally and constructively served with notice of the action. (Id. at 30-31.) Plaintiff failed to appear or otherwise respond, and so on February 24, 2022, the Superior court entered judgment for MEB. (Id. at 41-42.) The writ of possession was entered on March 10th and executed on April 7th. (Id. at 43-36.)

Plaintiff filed the instant action in Solano County Superior Court on July 15, 2022, alleging claims for wrongful foreclosure, breach of good faith and fair dealing, cancelation of instruments, unfair business practices (Cal. Bus. Code § 17200), and quiet title. (ECF No. 1-1.) MEB removed to this court on diversity jurisdiction grounds and moved to dismiss all claims for failure to state a claim. (ECF Nos. 1, 4, 5.) Plaintiff opposed after being ordered to do so, MEB replied, and the court took the matter under submission without a hearing. (ECF Nos. 12, 13, 16.)

---

[2] The Court takes judicial notice of such facts as is necessary to resolve this motion. See Fed. R. Evid. 201(b); U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and are easily verifiable.").

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**Parties' Arguments**

Defendants contend plaintiff's claims are barred by res judicata, given the judgment in the unlawful detainer ("UD") action. Defendants also contend plaintiff fails to allege tender or prejudice, and so her claims fail as a matter of law. (ECF No. 4.)

Plaintiff contends she did not receive a copy of the Notice of Default, Notice of Trustee's Sale, Trustee's Deed of Sale, or any unlawful detainer documents, and that the first time she became aware of defendants' actions against her was when the deputy sheriff executed the writ of possession on April 7, 2022. (See ECF No. 1 at ¶¶ 23-24.) Further, plaintiff contends that

1   because she was unaware of the proceedings in 2021 and 2022, she had no opportunity to cure her
2   default, thus excusing her from the requirement to tender any missing payments.  Plaintiff
3   maintains the notice also miscalculated the amount past due, and the loss of her home satisfies the
4   prejudice element.  Given these allegations, plaintiff argues her claims are cognizable.  (ECF No.
5   13.)
6       Defendants argue in reply that the issue of title was resolved in the UD action, and so res
7   judicata should apply here.  Further, defendants argue plaintiff's contentions regarding notice are
8   merely self-serving legal conclusions, and the judicially noticeable documents demonstrate notice
9   was given.  (ECF No. 16.)

10   **Analysis**

11       Regarding whether plaintiff's current claims are barred by res judicata given the prior UD
12  action, defendants maintain that the trust's rights and interests in the property—including the
13  right of title—have already been adjudicated.  (ECF No. 4 at 10.)  As this action was removed
14  from California Superior court, the undersigned applies the elements of res judicata as recognized
15  by California courts.  See Joseph v. Am. Gen. Life Ins. Co., 495 F. Supp. 3d 953, 958 (S.D. Cal.
16  2020) (noting Ninth Circuit law requires a federal court sitting in diversity to apply the res
17  judicata law of the state where the court sits) (citing Gramm v. Lincoln, 257 F.2d 250, 257 n.6
18  (9th Cir. 1958) (noting that a federal court in a diversity case must follow the law of the state).
19      Three elements must be met for res judicata to apply under California law:  (1) a final
20  decision was issued on the merits in the prior proceeding; (2) the new proceeding is on the same
21  cause of action as the prior proceeding; and (3) the parties in the former and present proceedings
22  are the same or are in privity.  Ass'n of Irritated Residents v. Dep't of Conservation, 11 Cal. App.
23  5th 1202, 1219 (2017).  Regarding whether causes of action are the same, California follows a
24  primary rights theory.  See Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 814 (2010)
25  ("[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory
26  asserted by the litigant.  Even where there are multiple legal theories upon which recovery might
27  be predicated, one injury gives rise to only one claim for relief.  Hence a judgment for the
28  defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same

right, even though he presents a different legal ground for relief.") (cleaned up).  A party seeking to assert res judicata has the burden of proving all elements have been met.  Patel v. Crown Diamonds, Inc., 247 Cal. App. 4th 29, 40 (2016).

Defendants meet all three elements here.  The third element of res judicata is not in dispute, as the parties in the UD action and the current proceedings did not change.  (See ECF No. 5 at 16-21; ECF No. 1.)  A final decision was issued on the merits in the prior UD action in February of 2022.  (ECF No. 5-1 at 41-42.)  Finally, while plaintiff's instant action is not exactly the same as MEB's UD action, the two cases involve the same primary right—the right of title to the property.  As defendants note, title was transferred to MEB in the foreclosure and trustee sale, and MEB alleged in the UD action that it had acquired title.  While title is generally not tried in an unlawful detainer action, California courts have recognized an exception where the purchaser of a property at a trustee's sale seeks to evict an occupant in possession after the sale has concluded.  See Vella v. Hudgins, 20 Cal. 3d 251, 255 (1977) (noting that Section 1161a acts as a "narrow and sharply focused" exception that permits a party to show it "acquired the property at a regularly conducted sale and thereafter 'duly perfected' [] title"); see also, e.g., Castle v. Mortgage Electronic Registration Systems, Inc, 2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) (finding plaintiff's mortgage fraud claims barred by a previous UD action where, in the UD complaint the buyer alleged it acquired the property at a regularly conducted trustee's sale and perfected title, and so "[t]he validity of the foreclosure process, trustee's sale, and [buyer's] acquisition of the [p]roperty were all encompassed by the [UD action]").

Plaintiff notes the UD judgment was entered in default, as she (briefly) asserts in her opposition she was not given notice of the UD action and so did not have the opportunity to contest the title issue.  (ECF No. 13 at 5.)  Plaintiff's assertion is self-serving, as the judicially noticeable documents demonstrate plaintiff was personally and constructively served notice of the UD action in October of 2021.  (ECF No. 5 at 30-31.)

For all of the above reasons, this action is barred in its entirety under res judicata principles, and the court does not reach the remainder of the parties' arguments.  See, e.g., Castle, 2011 WL 3626560 at *8 (finding res judicata applied because the plaintiffs did not defend in the

UD action, and because defendants met all other elements to bar the mortgage fraud claims).

**ORDER**

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss (ECF No. 4) is GRANTED;
2. Plaintiff's claims are DISMISSED WITH PREJUDICE; and
3. The Clerk of the Court is directed to CLOSE this case.

Dated: June 1, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

manw.1819